UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE MIRACLE RESTAURANT
GROUP, LLC

BANKRUPTCY APPEAL

BANKRUPTCY CASE NO. 24-11158

NO. 26-1184

SECTION R

## ORDER AND REASONS

Before the Court is debtor-appellant Miracle Restaurant Group, LLC's (Miracle) motion for stay pending appeal.[1] Creditor-appellee Square Kilometer Capital, LLC (SKC) opposes the motion.[2] For the following reasons, the Court denies the motion for stay pending appeal.

Also before the Court is the SKC's motion to file a sur-reply.[3] Miracle raises new legal arguments and factual allegations for the first time in its reply brief.[4] The Court must either "give the other party an opportunity to respond or decline to rely on the new arguments and evidence." *Georgia Firefighters' Pension Fund v. Andarko Petroleum Corp.*, 99 F.4th 770, 774 (5th Cir. 2024). The Court declines to rely on the new legal arguments and

---

[1]     R. Doc. 7. All R. Doc. citations are to the record in this case, 26-CV-1184, unless otherwise noted.
[2]     R. Doc. 8.
[3]     R. Doc. 12.
[4]     R. Doc. 11.

factual allegations. Because the Court does not consider the new arguments and allegations raised for the first time in its reply brief, the Court denies as moot the motion to file a sur-reply. *See, e.g.*, *United States ex rel McLain v. Fluor Enterprises, Inc.*, 681 F. App'x 355, 360 n.4 (5th Cir. 2017).

## I.    BACKGROUND

Miracle filed for Chapter 11 bankruptcy in the Eastern District of Louisiana Bankruptcy Court on June 20, 2024.[5]   The Bankruptcy Court entered an order confirming a plan of reorganization on May 27, 2025.[6] Miracle included SKC in its bankruptcy schedules.[7]   But Miracle did not include SKC in the notice matrix.[8]

This case comes before the Court as an appeal of the Bankruptcy Court's order lifting the automatic stay as to SKC and an order denying a motion for reconsideration of the order lifting the stay. On November 12, 2025, six months after the Bankruptcy Court confirmed the plan of reorganization, SKC sued Miracle in Illinois state court for breach of

---

[5]    *In re Miracle Restaurant Group LLC*, E.D. La. Bankr. 24-11168 (June 20, 2024), R. Doc. 1.
[6]    *In re Miracle Restaurant Group LLC*, E.D. La. Bankr. 24-11168, R. Doc. 337.
[7]    *In re Miracle Restaurant Group LLC*, E.D. La. Bankr. 24-11168, R. Doc. 1.
[8]    *In re Miracle Restaurant Group LLC*, E.D. La. Bankr. 24-11168, R. Doc. 278-2.

contract.[9]    Miracle filed a notice of bankruptcy in that state court proceeding.[10]    The state court ordered SKC to obtain an order from the Bankruptcy Court clarifying that the automatic stay did not apply to SKC before the state court would move forward.[11]

On March 23, 2026, SKC filed a motion in Bankruptcy Court, seeking a ruling that because SKC did not have notice of the proceedings, the bankruptcy plan, confirmation order, and automatic stay did not bind SKC.[12] The Bankruptcy Court granted SKC's motion, finding that SKC was a known creditor which did not receive notice of the case and therefore was not bound by the bankruptcy plan, confirmation order, or automatic stay.[13]    The Bankruptcy Court entered a Lift Stay order as to SKC.[14]

In the lift stay hearing before the Bankruptcy Court, Miracle's attorney said, "We screwed up.  We did not give [SKC] notice."[15]  Miracle's attorney went on to say that SKC "did not receive actual or constructive notice" of the

---

[9]    *In re Miracle Restaurant Group LLC*, E.D. La. Bankr. 24-11168, R. Doc. 390.
[10]    *Id.*
[11]    *Id.*
[12]    *Id.*
[13]    *In re Miracle Restaurant Group LLC*, E.D. La. Bankr. 24-11168, R. Doc. 404.
[14]    *Id.*
[15]    R. Doc. 8-1 at 8.

bankruptcy.[16]   It is undisputed that Miracle did not receive actual or constructive notice of the commencement of the Chapter 11 case, the claims bar date, the bankruptcy plan, or the confirmation hearing.[17]

Miracle filed a motion for reconsideration of the Lift Stay order,[18] which the Bankruptcy Court denied.[19] Miracle then filed a notice of appeal of the Lift Stay order and of the denial of the motion for reconsideration. Miracle also filed a motion for stay pending appeal in the Bankruptcy Court.[20]   The Bankruptcy Court denied the motion for a stay pending appeal.[21] Miracle now moves for a stay pending appeal before this Court,[22] which SKC opposes.[23]

The Court considers the arguments below.

---

[16]   *Id.* at 7.

[17]   *Id.* at 8.

[18]   *In re Miracle Restaurant Group LLC*, E.D. La. Bankr. 24-11168, R. Doc. 406.

[19]   *In re Miracle Restaurant Group LLC*, E.D. La. Bankr. 24-11168, R. Doc. 412.

[20]   *In re Miracle Restaurant Group LLC*, E.D. La. Bankr. 24-11168, R. Doc. 415.

[21]   *In re Miracle Restaurant Group LLC*, E.D. La. Bankr. 24-11168, R. Doc. 429.

[22]   R. Doc. 7.

[23]   R. Doc. 8.

## II.   LEGAL STANDARD

A stay pending appeal is an "extraordinary remedy." *Thomas v. Bryant*, 919 F.3d 298, 303 (5th Cir. 2019).  To obtain a stay pending appeal, the applicant for a stay "must meet a heavy burden of showing not only that the judgment of the lower court was erroneous on the merits, but also that the applicant will suffer irreparable injury if the judgment is not stayed pending his appeal."  *Ruckelshaus v. Monsanto Co.*, 463 U.S. 1315, 1316 (1983) (quoting *Whalen v. Roe*, 423 U.S. 1313, 1319 (1975)).  The party seeking the stay bears the burden of showing its need. *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

Courts look to four factors to determine whether the applicant is entitled to a stay pending appeal: (1) whether the movant has made a strong showing of likelihood of success on the merits; (2) whether the movant has made a showing of irreparable injury if the stay is not granted; (3) whether the granting of the stay would substantially harm the other parties; and (4) whether the granting of the stay would serve the public interest.  *Nken v. Holder*, 556 U.S. 418, 434 (2009).  Each of the elements must be established by the party requesting the stay. *In re Texas Equip. Co., Inc.*, 283 B.R. 222, 227 (Bankr. N.D. Tex. 2002) (citing *Arnold v. Garlock, Inc.*, 278 F.3d 426, 438–39 (5th Cir. 2001)).

## III.   DISCUSSION

Miracle does not meet its heavy burden to show that it is entitled to a stay pending appeal.   First, Miracle must make a "strong" showing of likelihood of success on the merits.  *Nken*, 556 U.S. at 434.  The movant must show either a probability of success on the merits or, if there is a serious legal question involved and the balance of equities weighs heavily in favor of granting the stay, a substantial case on the merits.  *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981).

Miracle's brief simply asserts that Miracle has a "substantial case on the merits," the standard that would apply if Miracle identified a serious legal question.[24]  Miracle does not argue that there is a serious legal question, let alone identify one here.  Serious legal questions exist when legal issues have far-reaching effects, involve significant public concerns, or have a broad impact on federalism.  *See Wildmon v. Berwick Universal Pictures*, 983 F.2d 21, 23-24 (5th Cir. 1992); *see also United States v. Baylor Univ. Medical Ctr.*, 711 F.2d 38, 40 (5th Cir. 1983).  Miracle does not identify any serious legal question here, and the Court finds none.[25]

---

[24]   R. Doc. 7-1 at 4 ("The Debtor has certainly presented a 'substantial case on the merits' . . . .").

[25]   *See* R. Doc. 7-1 at 3.

Absent a serious legal question, Miracle must make a strong showing of likelihood of success on the merits. *Nken*, 556 U.S. at 434. This Miracle does not do.

Under 11 U.S.C. § 523(a)(3), a debtor has the obligation to list, schedule, and provide notice to a creditor, and the failure to do so will mean that the creditor's claims will be exempt from discharge unless the creditor had notice or actual knowledge of the case in time for such a timely filing. 11 U.S.C. § 523(a)(3). Due process requires that notice is "reasonably calculated, under all the circumstances, to inform interested parties of the pendency" of a proceeding. *In re Placid Oil Co.*, 753 F.3d 151, 154 (5th Cir. 2014) (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). In bankruptcy, such notice must apprise the claimant of the pendency of the bankruptcy action in time to permit the claimant to present its objections. *In re Christopher*, 28 F.3d 512, 518 (5th Cir. 1994).

While generally a debtor must provide actual notice to all "known creditors" to discharge their claims, if an interested party has actual knowledge of the bankruptcy, it must "come forward" and protect its rights. *Matter of German Pellets Louisiana, L.L.C.*, 91 F.4th 802, 809 (5th Cir. 2024). The notice requirement in that context is satisfied "when the creditor

has actual knowledge of the case in time to permit" the creditor to protect its rights. *Id.* (citing *In re Sam*, 894 F.2d 778, 781 (5th Cir. 1990)).

Here, the key facts are not in dispute. SKC was a known creditor. As Miracle's own attorneys have admitted, SKC did not receive actual or constructive notice of the bankruptcy proceedings.[26] The question Miracle raises is whether SKC had actual knowledge of the bankruptcy.

Miracle's sole assertion in the affirmative is that it "has credible information that [SKC] knew of the bankruptcy proceedings involving the Debtor with sufficient time to come forward and assert its rights, but chose not to."[27] Miracle points to no undisputed facts, no evidence, no affidavits or other sworn statements, no documents, and no circumstances to show that SKC had actual knowledge of the bankruptcy proceeding.

Such bare-bones allegations are insufficient. Miracle identifies nothing that would support a finding that it is likely to show that SKC had actual knowledge of the bankruptcy proceeding. As an initial matter, this is a violation of Federal Rule of Bankruptcy Procedure 8007, which requires a movant to include "affidavits or other sworn statements supporting facts

---

[26]   R. Doc. 8-1 at 8.
[27]   R. Doc. 7-1 at 1.

subject to dispute" when moving for a stay pending appeal. Fed. R. Bankr. P. 8007(b)(3).[28]

Its entirely conclusory and unsupported assertion contrasts starkly with the facts in *German Pellets*. 91 F.4th at 809. There, it was undisputed that the creditor had actual knowledge of the bankruptcy case. *Id.* The creditor in *German Pellets* monitored the bankruptcy case's progression from its commencement and even communicated with the debtor's counsel. *Id.* Miracle cites to nothing of the sort, instead asserting only that it has "credible information" that SKC had actual knowledge.[29] Absent any basis from which the Court could conclude that Miracle is likely to show that SKC had actual knowledge, there is nothing before the Court that allows the Court to find that Miracle could be successful on appeal, let alone is likely to be successful. Miracle has not made a strong showing that it has a likelihood of success on the merits. *See Nken*, 556 U.S. at 434.

Second, Miracle has made no showing of irreparable harm. The Fifth Circuit has explained that the "key word" is "irreparable" and that an injury is irreparable "only if it cannot be undone through monetary remedies."

---

[28]    *See Matter of Berryman Products, Inc.*, 159 F.3d 941, 943 (5th Cir. 1998).

[29]    R. Doc. 7-1 at 1.

*Enterprise Intern., Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472-73 (internal citations omitted).

Here, Miracle describes the harm it could face as being "forced to pay out a judgment though a state court order that it may not be obligated to pay" and "track down" the payment.[30]   Paying a judgment could be undone through monetary remedies.  This potential harm is thus reparable.  *Id.*; *see also SO Apartments, L.L.C. v. City of San Antonio*, 109 F.4th 343, 353 (5th Cir. 2024); *Janvey v. Alguire*, 647 F.3d 585, 600 (5th Cir. 2011) ("In general, harm is irreparable when there is no adequate remedy at law, such as monetary damages.").  Miracle does not show any irreparable harm absent a stay pending appeal here.  The first two factors, the likelihood of success on the merits and irreparable injury, are "the most critical" in determining whether a stay is justified.  *In re Sealed Petitioner*, 106 F.4th 397, 402 n.5 (5th Cir. 2024).  Miracle has shown neither critical factor here.

Third, the Court considers whether granting the stay would substantially harm the other parties.  This factor is primarily concerned with balancing the harm to the movant absent a stay with the harm accruing to the other parties if a stay is granted.  *See, e.g.*, *Weinberger v. Romera-Barcelo*, 456 U.S. 305, 312 (1982).  Clearly, a stay would harm SKC by

---

[30]    R. Doc. 7-1 at 4.

preventing it from proceeding to enforce its contract rights and obtain a judgment in state court for the duration of appeal proceedings. Contrary to Miracle's argument,[31] this is more than mere inconvenience. Further, SKC contends that Miracle could pay a judgment now, but that it is uncertain whether Miracle could pay a judgment after it exhausts its appeals, especially since interest and attorney's fees are accruing. A stay would place the risk of a change in Miracle's profitability on SKC. While the Court finds that a stay would harm SKC, the Court cannot determine how substantial the harm would be. The Court finds that this factor is indeterminate and does not weigh heavily one way or another.

Finally, Miracle asserts that a stay pending appeal is in the public interest because it "protects the bankruptcy process and the finality of bankruptcy court orders."[32] Respecting the finality of bankruptcy court orders would support affirming the decision below and denying a stay pending appeal, not granting it. Miracle cites no other reasons that a stay pending appeal would be in the public interest, and the Court finds none. A stay pending appeal is not in the public interest.

---

[31]     *Id.*
[32]     R. Doc. 7-1 at 5.

11

In sum, Miracle does not bear its burden to make a strong showing of likelihood of success on the merits; a showing of irreparable injury if the stay is not granted; or a showing that the stay would serve the public interest. Miracle did not bear its burden on three of the four elements to be considered in granting a stay pending appeal.  The Court thus denies Miracle's motion for a stay pending appeal.

## IV.   CONCLUSION

For the foregoing reasons, the Court DENIES Miracle's motion for a stay pending appeal.

New Orleans, Louisiana, this 29th day of July, 2026.

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE